**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

SCULLY ROYALTY LTD.,

Plaintiff,

v.

IAT REINSURANCE CO. LTD., et al.,

Defendants.

Case No. 2:26-cv-14257-AMC

**PLAINTIFF'S EXPEDITED MOTION**
**FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

This case concerns the ongoing efforts by Defendants – a coordinated group of activist investors – to take control of the Board of publicly traded Plaintiff Scully Royalty Ltd. ("Scully" or the "Company"). Defendants failed to disclose to Scully's investors that Defendants IAT Reinsurance Co. Ltd., IAT Insurance Group, Inc., Peter Kellogg, Charles Kellogg, Goose Creek Capital, Inc., and Harco National Insurance Company (the "Kellogg Group"), and Defendants Milfam LLC, Neil Subin, Skyler Wichers, Alan Howe, and Mark Holliday (the "Milfam Group") coordinated to consolidate effective control of the Company's voting power and launch a proxy contest for Board control. The Company initiated this action on July 15, 2026 (ECF No. 1), and filed the First Amended Complaint (the "FAC") on September 1, 2026. FAC, ECF No. 19. All Defendants have been served, and responses to the FAC are due on or before November 2, 2026. ECF Nos. 7, 20.

On October 2, 2026, Scully publicly announced that an Extraordinary General Meeting of Shareholders (the "EGM") will occur on January 12, 2027. The Milfam Group

demanded that Scully's Board convene the EGM by sending a notice of requisition to Scully's Board, dated September 14, 2026, pursuant to the Company's Articles (the "Requisition Notice").

## I. INTRODUCTION

Defendants should not be permitted to conceal facts concerning their coordination and deprive the Company and its shareholders of necessary information to permit an informed vote at the EGM. Defendants seek a second bite at the apple through the EGM, after their failed prior attempt to take control without appropriate disclosures. Defendants may challenge Scully's incumbent Board, but only after full and fair disclosure required by Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d). Defendants did not disclose their coordination as a group before July 31, 2026, and apparently since the Requisition Notice. Scully's concerns are not idle: the U.S. Securities and Exchange Commission ("SEC") issued a 2014 cease-and-desist order against Defendant Peter Kellogg for Section 13(d) violations related, in part, to the Company. FAC, ¶¶ 9, 97-100.

Ordinary discovery will not provide Scully sufficient information before the EGM, even if Defendants' anticipated motion to dismiss is resolved on an expedited basis. Scully therefore seeks narrow, targeted discovery to determine whether to seek a preliminary injunction preventing an uninformed shareholder vote. The information is uniquely in Defendants' possession, custody, or control; Scully met and conferred with Defendants' counsel to request it on an expedited basis; and Defendants declined to provide it.

## II. SUMMARY OF RELEVANT FACTS

Scully is a foreign private issuer that leverages royalties from an iron mine in

Canada to create shareholder value, and whose stock trades on the New York Stock Exchange ("NYSE") as "SRL." FAC, ¶ 59.

The Milfam Group and Kellogg Group, together with their affiliates, control about 48.5% of the Company's voting power. FAC, ¶¶ 10, 30. In late 2025, Milfam LLC ("Milfam") embarked on an activist campaign to replace Scully's incumbent directors with its own nominees. *Id.*, ¶¶ 70-71. Milfam, with the Kellogg Group voting by proxy, attempted to hold a purported Annual Meeting of shareholders on December 27, 2025, in the hallway outside the Company's Hong Kong office (the "Purported AGM"). *Id.*, ¶¶ 18, 77. Milfam claimed the Purported AGM was validly convened and elected Milfam's nominees, despite ongoing litigation between the Company and Milfam in the Cayman Islands Court of Appeal concerning when and how an Annual Meeting should proceed. *Id.*, ¶¶ 16-18, 77-79. Scully disputed the meeting's validity, *id.* at ¶ 78, and Milfam filed another lawsuit in the Grand Court of the Cayman Islands on January 5, 2026, seeking a declaration that the Purported AGM was valid and that Milfam's slate of nominees was validly elected to the Board (the "Second Cayman Proceeding"). *Id.*, ¶¶ 20-21, 79. While the Second Cayman Proceeding was pending, Milfam and its nominees purported to govern the Company through a shadow board, including by attempting to terminate the CEO, publishing unauthorized SEC filings purportedly on the Company's behalf, submitting Form 3 filings claiming two Milfam nominees were Scully directors, and later amending them as made "in error." *See id.* at ¶¶ 29, 129-257. Their conduct contributed to the NYSE suspending trading in the Company's shares, and to the resignation of the Company's auditor. *See id.* at ¶¶ 92, 123, 147.

On July 2, 2026, a judgment was entered in the Second Cayman Proceeding finding that the Purported AGM and all resolutions purportedly adopted at it were invalid, that Milfam's proxy statement contained material omissions, and that the Company's incumbent Board continues to control Scully. FAC, ¶ 27. Scully filed this action on July 15, 2026. ECF No. 1.

Just two weeks after Scully filed this case, Defendants rushed to file amended Schedule 13D disclosures with the SEC, admitting for the first time that they were acting as a group, but only as of the date of their amended filings, July 31, 2026. The date is implausible on its face: the same parties had acted together for months, including at the purported AGM, and the amendments provide no information about their prior coordination and actions. *See, e.g.,* FAC, ¶¶ 32-33, 124-128. The FAC, filed September 1, 2026 (ECF No. 19), updates Scully's Section 13(d) claim, adds three counts for tortious interference with contract and business relationships and three counts for civil conspiracy, and details the bases for Scully's belief that Defendants coordinated before July 31, 2026, including during the proxy contest, leading up to the Purported AGM, and after the Purported AGM. FAC, ¶¶ 82-89, 258-315.

Defendants sent the Requisition Notice to the Company's Board, calling for the EGM under the Company's Articles, and on September 16, 2026, filed further Schedule 13D amendments, disclosing their intent to replace Scully's Board. On October 2, 2026, the Company announced the EGM scheduled for January 12, 2027.

On October 5, 2026, Defendant Wichers submitted a questionnaire in advance of the EGM, as required for a director nominee. Wichers stated:

> Prior to the notice of his nomination at the 2025 AGM, Mr. Wichers had conversations with Peter Kellogg and his affiliated parties, as well as other shareholders, where he shared his views about the Corporation and its management. After the filing of MILFAM's December 8, 2025 proxy statement for the 2025 AGM, Mr. Wichers had conversations with Peter Kellogg and his affiliated parties, as well as other shareholders, regarding support for the election of MILFAM's nominees (the "MILFAM Nominees") as directors of the Corporation. In July 2026, Mr. Wichers contacted affiliates of Peter Kellogg and engaged in discussions regarding MILFAM and affiliated entities and Peter Kellogg and affiliated entities (together, the "Nominating Shareholders") nominating the MILFAM Nominees for election at the next annual general meeting of shareholders held by the Corporation, or for the Nominating Shareholders to requisition an extraordinary general meeting of shareholders that will result in the removal of the current directors, other than Mr. Samuel Morrow, and the election of the MILFAM Nominees. These discussions led to the formation of a group, as disclosed in the Schedules 13D/A filed July 31, 2026 by each of MILFAM and its affiliates and Peter Kellogg and his affiliates.

Wichers's questionnaire supports the FAC's allegations. FAC, ¶¶ 82-89.

## III. ARGUMENT

### A. Good Cause Exists for Allowing Expedited Discovery

A court may allow expedited discovery prior to the Rule 26(f) conference based on a showing of good cause. *Citizens Bank, N.A. v. Jes Global Cap. II, L.P.*, No. 9:21-cv-80815, ECF No. 26 at 1–2 (S.D. Fla. May 11, 2021) (Cannon, J.) (granting expedited discovery before the Rule 26(f) conference).

While the Eleventh Circuit has not adopted a uniform standard on expedited discovery, "many district courts within the Eleventh Circuit," including the Southern District of Florida, "have expressly used a general good cause standard when confronted with expedited discovery requests." *See, e.g., In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at *3–4 (S.D. Fla. Apr. 7, 2015) (evaluating good cause based on a "reasonableness approach"); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (finding good cause to expedite discovery); *Itamar Med.*

*Ltd. v. Ectosense nv*, 2021 WL 12095084, at *2–3 (S.D. Fla. Sep. 29, 2021); *Tracfone Wireless, Inc. v. Adams,* 304 F.R.D. 672, 673–74 (S.D. Fla. 2015); *Citizens Bank*, No. 9:21-cv-80815, ECF No. 26 at 2.

Courts within the Eleventh Circuit have considered these factors in determining good cause: breadth of the requested expedited discovery, reasons the moving party is requesting such discovery, burden on the opponent to comply with the request, whether the information sought could be obtained more efficiently from another source, extent to which the discovery process would be expedited, whether a motion to dismiss is pending, and whether a motion for preliminary injunction is pending. *See Bostwick Lab'ys, Inc. v. Farley*, 2014 WL 12580031, at *2 (S.D. Fla. May 16, 2014); *see also Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). Courts consistently find that "expedited discovery should be granted primarily 'when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.'" *Mullane*, 339 F.R.D. at 663 (citations omitted).

Plaintiff seeks limited discovery of six document requests, six interrogatories, and two depositions limited to five hours each (which may be depositions of individuals or representative witnesses under Rule 30(b)(6)) (collectively, the "Proposed Expedited Discovery"). *See* Ex. No. 1 (Proposed Expedited Document Requests), Ex. No. 2 (Proposed Expedited Interrogatories). The Proposed Expedited Discovery seeks information from November 1, 2025 to October 5, 2026 (the "Relevant Time Period"), about Defendants' share ownership, coordination, proxy, SEC filings including on Schedule 13 and Form 3, the Purported AGM, the Requisition Notice, Directors'

Questionnaires relating to Scully, and the EGM.

Plaintiff submits that this motion should be granted for at least three reasons: (1) Plaintiff needs the Proposed Expedited Discovery because without expedition, Plaintiff will be left with no remedy and will suffer irreparable harm of an uninformed shareholder vote at the EGM, with no adequate remedy afterward; (2) the Proposed Expedited Discovery is narrowly tailored to Plaintiff's Section 13(d) claim; and (3) the factors that courts typically consider weigh in favor of ordering the Proposed Expedited Discovery.

*First,* expedited discovery is warranted here because of the urgency of the situation due to the October 2, 2026 announcement of the EGM. If Plaintiff cannot obtain information from Defendants about the Section 13(d) claim prior to January 12, 2027, Scully and its shareholders will face an uninformed vote that will almost certainly result in the election of new directors supported by Defendants, constituting imminent harm. *See Vesta Ins. Grp., Inc. v. Newcastle Partners, L.P.*, 2005 WL 8160392, at *2 (M.D. Fla. Oct. 18, 2005) ("solicitation of proxies and voting will cause a material change in Plaintiff's management and operations, thereby constituting irreparable harm"); *see also Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, 2014 WL 5604539, at *16 (C.D. Cal. Nov. 4, 2014) ("uninformed shareholder vote is often considered an irreparable harm, particularly because the raison d'etre of many of the securities laws is to ensure that shareholders make informed decisions"). Seeking invalidation of votes *after* the EGM would be an uncertain and extraordinary remedy that would not cure the harm of an uninformed shareholder vote. *See id.* And ordinary course discovery in this case will come too late, as Scully anticipates Defendants will move to dismiss, and such a motion will not be resolved sufficiently in

advance of the EGM to permit adequate discovery. Scully seeks the Proposed Expedited Discovery to assess whether to file a motion for preliminary injunction prior to the EGM.

*Second*, Plaintiff's requests are targeted and narrow – by subject matter and time – minimizing any burden on Defendants. *See Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.,* 2014 WL 2565675, at *2 (M.D. Fla. June 6, 2014) (granting expedited discovery). The Proposed Expedited Discovery is narrowly tailored to the key facts at issue in Plaintiff's Section 13(d) claim, focused on the Relevant Time Period, and seeks information about Defendants' share ownership, coordination, and SEC filings, which are necessary to ensure an informed shareholder vote at the EGM. Such limited, tailored discovery, which can be addressed with targeted searches of electronic document repositories using narrow search terms, does not unduly burden Defendants. And, to the extent Defendants articulate a burden, it is outweighed here by the Company's need to obtain the full picture of Defendants' coordination before the EGM.

*Third*, the factors some courts in this district consider also weigh in favor of expedited discovery. Specifically, the Proposed Expedited Discovery is narrow and limited in number and scope, and necessary to avoid irreparable harm; the burden on Defendants is low, given the narrowly tailored document requests and interrogatories that can be addressed with targeted searches of electronic document repositories using narrow search terms; the information sought is uniquely within the possession, custody, or control of Defendants; a motion to dismiss would not be resolved sufficiently before the EGM, and absent relief no discovery will occur before the shareholder vote, and discovery as a whole will not be expedited – only targeted discovery regarding Scully's Section 13(d) claim.

These factors all weigh in favor of granting Plaintiff's motion. *See Pulsepoint, Inc. v. 7657030 Canada Inc.*, 2013 WL 12158589, at *1 (S.D. Fla. Oct. 31, 2013) (granting expedited discovery); *Bostwick Lab'ys*, 2014 WL 12580031, at *2 (same).

Expedited discovery does not require a pending motion for preliminary injunction. *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, 2008 WL 2139518, at *1-3 (S.D. Fla. May 7, 2008) (ordering expedited discovery); *Pulsepoint*, 2013 WL 12158589, at *1 (same) *and Citizens Bank*, No. 9:21-cv-80815, ECF No. 26 (same). The Proposed Expedited Discovery will enable Scully to promptly make an informed decision whether to seek a preliminary injunction before the EGM.

### B. The PSLRA Discovery Stay Should Be Lifted to Prevent Undue Prejudice to Scully

As a default rule, the Private Securities Litigation Reform Act of 1995 ("PSLRA") stays "all discovery" in this proceeding "during the pendency of any motion to dismiss." *See* 15 U.S.C. § 78u-4(b)(3)(B). Scully understands that Defendants intend to file a motion to dismiss. The PSLRA stay may be partially lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id.*

Scully's request for expedited discovery should be granted to prevent undue prejudice. Courts recognize the high stakes of corporate control contests and permit partially lifting the PSLRA stay to grant particularized, expedited discovery. *Malon v. Franklin Fin. Corp.*, 2014 WL 5795730, at *2–3 (E.D. Va. Nov. 6, 2014) (lifting PSLRA stay to permit narrowed, expedited discovery before a shareholder vote and anticipated preliminary injunction motion); *Ryan v. Walton*, 2010 WL 3785660, at *2 (D.D.C. Mar. 9,

2010) (lifting PSLRA stay and permitting discovery to prevent undue prejudice from an uninformed shareholder vote); *In re Equifax, Inc. Sec. Litig.*, 2018 WL 3023278, at *7 (N.D. Ga. June 18, 2018) (partially lifting PSLRA stay).

Plaintiff believes Defendants' Section 13(d) filings remain incomplete and omit key information. *See* FAC, ¶¶ 31-33, 105-112, 124-128. For example, Defendants' Schedule 13D amendments disclaim any group coordination before July 31, 2026, but Scully understands that Milfam and Kellogg met during the 2025 proxy contest and in early 2026 coordinated their activities including seating a purported board. FAC, ¶¶ 82-89, 127-128. Expedited discovery is critical and will not happen unless the PSLRA stay is partially lifted and Defendants are required to produce the Proposed Expedited Discovery. *See Ryan*, 2010 WL 3785660, at *2. Scully's discovery requests are sufficiently particularized and necessary to create an adequate factual record for Plaintiff to assess whether to file a motion for preliminary injunction. "Motions for expedited discovery are routinely considered either during a court's consideration of motions for a preliminary injunction or temporary restraining order, or directly before such motions in order to prepare for a preliminary injunction argument." *ForceX, Inc. v. Tech. Fusion, LLC*, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011); *see e.g., Malon*, 2014 WL 5795730, at *2 (allowing discovery to enable filing of a preliminary injunction based on allegedly misleading proxy); *Nichting v. DPL Inc.*, 2011 WL 2892945, at *3-4 (S.D. Ohio July 15, 2011) (allowing depositions).

## IV. CONCLUSION

Plaintiff respectfully requests the Court grant this motion and enter the Proposed Order, Ex. No. 3, directing Defendants to provide the Proposed Expedited Discovery.

## REQUEST FOR A HEARING UNDER LOCAL RULE 7.1(B)(2)

In accordance with Local Rule 7.1(b)(2), Plaintiff respectfully requests a one-hour oral argument on this Motion. A hearing would assist the Court in assessing the urgency of the requested relief because the January 12, 2027 EGM creates a fixed and rapidly approaching deadline. A hearing would also assist the Court in its evaluation of the factual background and context of this Motion.

## REQUEST FOR AN EXPEDITED RULING UNDER LOCAL RULE 7.1(D)(2)

In accordance with Local Rule 7.1(d)(2), Plaintiff respectfully requests a ruling on this Motion by October 22, 2026. The expedited schedule is necessary to permit Plaintiff to obtain responses to the Proposed Expedited Discovery and to give Plaintiff a meaningful opportunity to evaluate and, if warranted, seek preliminary injunctive relief before the January 12, 2027 EGM. Absent a prompt ruling, Plaintiff may be unable to obtain and assess the relevant evidence before the EGM, substantially prejudicing its ability to protect its rights and preserve the *status quo*. The need for expedited treatment is particularly acute because Defendants collectively control 48.5% of the voting power and seek to effect a change in control at the EGM without proper disclosures, before the merits of this action are adjudicated.

**CERTIFICATE OF GOOD FAITH CONFERENCE UNDER LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel requested a meet and confer to occur on October 6, 2026, and the undersigned counsel met and conferred by videoconference and in good faith with counsel for all Defendants on the afternoon of October 7, 2026. The undersigned counsel requested that Defendants agree to provide the requested information on an expedited basis, and informed Defendants of the substance of this motion and that the Company would soon file it if no agreement was reached. Defendants indicated that they would not voluntarily provide the requested information, that they would oppose this motion, and that they intended to file a motion to dismiss. Counsel sought in good faith to resolve the issues raised in this Motion, but the parties have been unable to do so.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Martin B. Goldberg*

Martin B. Goldberg
Florida Bar No. 827029
mgoldberg@lashgoldberg.com
Benjamin R. Shiekman
Florida Bar No. 113114
bshiekman@lashgoldberg.com
LASH GOLDBERG FINEBERG LLP
Miami Tower
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

LATHAM & WATKINS LLP
Colleen C. Smith (*admitted pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Colleen.Smith@lw.com

John J. Barber (*admitted pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Jack.Barber@lw.com

Jordan Davisson Cook (*admitted pro hac vice*)
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 755-8238
Facsimile: (714) 755-8290
Jordan.Cook@lw.com

*Attorneys for Plaintiff Scully Royalty Ltd.*