**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA FORT PIERCE DIVISION**

SCULLY ROYALTY LTD.,

Plaintiff,

v.

Case No.: 2:26-cv-14257-AMC

IAT REINSURANCE CO. LTD., IAT INSURANCE GROUP, INC., PETER KELLOGG, CHARLES KELLOGG, GOOSE CREEK CAPITAL, INC., HARCO NATIONAL INSURANCE COMPANY, MILFAM LLC, NEIL SUBIN, SKYLER WICHERS, ALAN HOWE & MARK HOLLIDAY,

Defendants.
_______________________________________________/

**KELLOGG DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Defendants IAT Reinsurance Co. Ltd., IAT Insurance Group, Inc., Peter Kellogg, Charles Kellogg, Goose Creek Capital, Inc., and HARCO National Insurance Company (collectively, the "Kellogg Defendants"), by and through their undersigned counsel, and pursuant to this Court's Order dated October 12, 2026 [D.E. 22], hereby file this Response in Opposition to the Expedited Motion for Leave to Conduct Expedited Discovery [D.E. 21] filed by Plaintiff Scully Royalty Ltd. ("Plaintiff," "Scully," or the "Company"). In support thereof, the Kellogg Defendants state as follows:

**INTRODUCTION**

For Scully, this case is about control, not disclosure. Despite that Scully is a publicly traded company, a single person, Michael Smith, is the Company's CEO, CFO, and Executive Chairman. Smith has every incentive to keep the Company's shareholders, including Defendant Peter Kellogg, who beneficially owns 35.5% of the outstanding shares in the Company and has been a

shareholder for over twenty-seven (27) years, from having a meaningful say in the Company's direction. The January 2027 extraordinary general meeting (the "EGM") threatens that control. Scully has responded by recasting Section 13(d) of the Securities Exchange Act, a disclosure statute, as a means of shielding incumbent management from Scully's shareholders. Scully's request for expedited discovery is a mere stepping stone. It seeks this Court's assistance to build a record on an accelerated timeline that it can later use to—improperly—try to keep Defendants from voting their shares at the EGM. But as explained in Defendants' Joint Motion to Dismiss [D.E. 23], Defendants have made the requisite disclosures. As relevant here, Section 13(d) is intended to give shareholders information. It does not give management a vehicle to silence shareholders who have complied with the law.

With the Motion to Dismiss now pending, Scully wants the Court to set aside the well-established automatic stay under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and upend normal discovery timelines without justification. It asks the Court to fast-track responses to interrogatories and document requests that reach multiple defendants and cover almost a year. It also seeks two five-hour depositions, and its only support for them is two passing references to "depositions" in its Motion. Scully claims it needs all this so it can "deci[de] whether to seek a preliminary injunction" before the EGM. Mot. at 9, 10. That puts the cart before the horse. Scully wants an exemption to engage in a premature fishing expedition so it can work out its litigation strategy at Defendants' expense. Courts in this Circuit have rejected this backwards approach and have called it a "weak" justification that does not meet the good cause standard.

Good cause does not exist for any other reason. Scully argues that expedited discovery is needed to prevent an "uninformed" vote at the EGM. But what Scully wants and what the law requires don't line up. Section 13(d) requires an investor to disclose its current and future plans

regarding ownership and control. Defendants have made that disclosure, so the statute has been satisfied, and the requested discovery is gratuitous. It is also overly broad and unduly burdensome. Scully describes its proposed discovery as minimal, but the demands themselves tell a different story. There is no legitimate basis, for example, for Scully to propound an interrogatory about which companies (if any) have performed "public relations," "press outreach," or "public affairs" work—a matter entirely unrelated to Section 13(d).

Scully also cannot clear a second, statutory hurdle. The PSLRA automatically stays discovery while a motion to dismiss is pending in a securities litigation case, and Scully has not identified any "extraordinary circumstance" that would meet the narrow standard Congress created for lifting the stay. Scully does not argue that evidence preservation is at issue. It also cannot show undue prejudice because Defendants have complied with Section 13(d). And just a few months ago, Scully took related discovery in a Cayman Islands proceeding. Thereafter, Scully chose not to pursue the kind of group-activity claims in the Cayman proceeding that it now brings here.

Scully has not carried its burden of showing good cause for expedited discovery, and no extraordinary circumstance justifies lifting the PSLRA stay. The Motion should be denied.

## ARGUMENT

### I. Scully Has Failed to Satisfy the Good Cause Standard for Expedited Discovery.

"Federal Rule of Civil Procedure 26(d)(1) prohibits parties from engaging in discovery prior to the Rule 26(f) conference." *Creative Touch Interiors, Inc. v. Nicholson*, 2015 WL 12672126, at *2 (M.D. Fla. Jan. 9, 2015); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). Expedited discovery is permitted only where the movant meets its burden of establishing good cause. *Mullane v. Almon*, 339 F.R.D. 659, 664 (N.D. Fla. 2021).

When examining whether the movant has shown good cause, courts consider factors including: "(1) Whether a motion for preliminary injunction is pending; (2) the breadth of the requested expedited discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance [of] the typical discovery process the request is made." *Gilead Sciences Ireland UC v. AJC Med. Grp., Inc.*, 2020 WL 8641574, at *2 (S.D. Fla. Dec. 23, 2020) (citation omitted). "[E]xpedited discovery should be granted only in exceptional instances." *Mullane*, 339 F.R.D. at 663.[1]

**A. Scully should not be permitted to test its litigation strategy through expedited discovery.**

The first factor courts consider—whether the movant has filed a preliminary injunction motion—cuts against Scully because Scully has conceded that it has no basis upon which to seek a preliminary injunction. Instead, it claims that expedited discovery is necessary so that it can determine whether to file such a motion. But Scully's self-serving desire to go fishing—on a fast-tracked basis—to shape its litigation strategy does not constitute good cause. Courts in this Circuit have rejected such tactics. In *Mullane*, for example, the plaintiff argued that expedited discovery would "assist him 'in determining whether a motion for a preliminary injunction is necessary[.]'" 339 F.R.D. at 666. The court found the justification "weak," and declined expedited discovery. *Id.*

Moreover, courts look unfavorably on attempts to secure expedited discovery and "are less likely to find good cause . . . when the moving party has not moved for a temporary restraining order or preliminary injunction." *Id.* at 664 (collecting cases); *see also id.* ("The lack of a pending

---

[1] In examining good cause for expedited discovery, some courts in this Circuit "employ a standard similar to that required for a preliminary injunction." *Creative Touch Interiors, Inc.*, 2015 WL 12672126, at *2 (requiring, *inter alia*, proof of irreparable harm and probability of success on the merits). Scully fails to meet that standard. It has not attempted to show likelihood of success on the merits. And its "irreparable harm" arguments fall flat given that it previously undertook related discovery in the Cayman Islands and that Defendants have satisfied Section 13(d).

motion for a preliminary injunction greatly undercuts Plaintiff's assertion that he requires expedited discovery."); *Gilead Sciences*, 2020 WL 8641574, at *3 (denying motion to expedite discovery in part where "there [was] no motion for preliminary injunction pending"). Even if such a motion had been filed (despite no basis in law or fact), the good cause standard is rigorous such that expedited discovery still "is not automatically granted." *See Mullane*, 339 F.R.D. at 665 n.2 (internal quotations and citation omitted). That is especially true here, where Scully already undertook related discovery earlier this year in a related proceeding.

**B. Scully's proposed discovery is broad and burdensome.**

As relevant to this Court's consideration of "the breadth of the requested discovery," *see Gilead Sciences*, 2020 WL 8641574, at *2, Scully asserts that it seeks "targeted and narrow" requests that "minimiz[e] any burden on Defendants." Mot. at 8. Not so. For starters, Scully seeks two five-hour-long depositions of Defendants in advance of the January 2027 EGM, thereby attempting to transform a shareholder's meeting into ten hours' worth of a pre-meeting sideshow. Scully offers no clear limitations on scope or substance for these depositions. Instead of offering any analysis or specifics on Rule 30(b)(6) topics, for example, Scully proposes that it provide the deposition notices to Defendants "on or before the Monday after the document production and interrogatory responses are complete, for either deposition of individuals or deposition of Rule 30(b)(6) representatives." D.E. 21-3 at 3. In fact, Scully makes only two passing references to "depositions" in its Motion: first to state merely that it seeks "two depositions," Mot. at 6, and second to cite an unpublished 2011 Ohio case as alleged support, Mot. at 10.[2]

---

[2] The Ohio case does not support the extent of expedited discovery sought here. There, limited discovery was permitted in advance of a preliminary injunction hearing. And the court narrowed the discovery sought, reasoning that it was "concerned" by the breadth of the document requests "especially because they will be guided by" search terms, which suggested "exceedingly burdensome" and extensive electronic discovery. *Compare Nichting v. DPL Inc.*, 2011 WL

Nor are the document requests and interrogatories narrow. There are six of each, and they all span nearly a year and involve multiple defendants and entities. Scully asserts that they are limited to Section 13(d), but that is belied by the content of the requests and interrogatories themselves, which concern Defendants' share ownership, purported coordination, proxies, Schedule 13D and Form 3 filings, the December 2025 meeting, the new requisition, director questionnaires, and the January 2027 shareholder meeting. Interrogatory No. 6, as one example, seeks the identification (within an 11-month span) of "all Persons, companies, advisors, and/or firms that have performed public relations, communications, research, press outreach, public affairs, and/or investigative services on Your behalf related to Scully, shareholders of Scully, Scully's Board of Directors, and/or Scully's directors and officers." D.E. 21-2 at 8. In other words, Scully wants Defendants—at this early stage, while Defendants' Motion to Dismiss is pending, while the PSLRA stay is in effect, and before the Rule 26(f) conference—to undertake general research on Scully's behalf.

Ultimately, the discovery sought is overly broad, unduly burdensome, and—as to the depositions—wholly unsupported by any analysis even attempting to show good cause. This factor, as a result, fails to establish the requisite good cause Scully needs.

### C. Scully's asserted reasons for requesting expedited discovery are meritless and demand more than what the law requires.

In determining whether a movant has shown good cause sufficient to warrant the exceptional grant of expedited discovery, courts "consider carefully a litigant's reasons for seeking expedited discovery." *Mullane*, 339 F.R.D. at 664. As explained above, one of Scully's reasons

2892945, at *3–4 (S.D. Ohio July 15, 2011), *with* Mot. at 8 (asserting that the burden on Defendants is minimal because the requests can be "addressed with targeted searches").

for seeking expedited discovery (i.e., to aid in its "decision whether to seek a preliminary injunction before the EGM," Mot. at 9) is a weak justification insufficient to support good cause.

Scully's other assertions also fail to clear the good cause hurdle. Scully claims entitlement to expedited discovery "because of the urgency of the situation due to the October 2, 2026 announcement of the EGM." Mot. at 7. According to Scully, if it "cannot obtain information from Defendants about the Section 13(d) claim prior to January 12, 2027, Scully and its shareholders will face an uninformed vote that will almost certainly result in the election of new directors supported by Defendants." *Id*. But Scully is not legally entitled to any more information before the EGM than it (and the public) already has received.

Section 13(d) of the Exchange Act requires disclosure of an investor's *current and future plans* regarding ownership and control. Defendants have made such disclosure. As explained further in the now-pending Motion to Dismiss, the relevant Defendants have filed amended Schedule 13Ds that disclose their present and future agreement to vote together, the existence of this lawsuit, a description of Scully's contention that they had formed a group in 2025, and their denial of that contention. *See* D.E. 23 at 2–4 & Exs. A, B. That is sufficient under the law, and moots Scully's Section 13(d) claim. *See, e.g.*, *Nano Dimension Ltd. v. Murchinson Ltd.*, 102 F.4th 136, 141–42 (2d Cir. 2024) (finding that claims seeking an order directing disclosure and injunctive relief were mooted by the investors amending their Schedule 13D filings and stating the allegations in the litigation lacked merit). Scully's request for expedited discovery to purportedly obtain a more "[]informed" vote is gratuitous. Scully is not entitled to voluminous discovery on an expedited timeline when Section 13(d) has been satisfied and nothing remains to be disclosed.

The Motion further contends that "Scully's concerns are not idle" because of a 2014 matter before the SEC involving one of the Defendants. Mot. at 2. But courts have declined "invitation[s]

to draw inferences" from various "historical facts" when considering motions for expedited briefing. *See Gilead Sciences*, 2020 WL 8641574, at *3 (denying motion to expedite discovery and reasoning that the alleged "historical facts" related to an employee's personal history were insufficient to "shed light on Defendant's current compliance"). Scully's arguments for an exception allowing expedited discovery, therefore, are both legally and factually deficient. Ultimately, the Court should not allow Scully to embark on an expedited fishing expedition.

**D. Expedited discovery unduly burdens Defendants.**

The fourth factor, the "burden on the opponent to comply with the request for discovery," also cuts against Scully. *See id.* at *2 (citation omitted). As explained above, Scully seeks ten hours' worth of depositions without providing any guidance as to substance other than a bald assertion that they will be limited to its Section 13(d) claims. So too does Scully seek discovery spanning eleven months, multiple defendants, and potentially privileged materials. Its timeline, too, is particularly quick: Scully proposes, for example, complete responses and production by the earlier of 15 days from the Court's order or by November 6, 2026, with production to begin "immediately." D.E. 21-3 at 3–4. "[I]n light of the breadth of discovery sought in a limited timeline, the requested discovery will likely impose a substantial burden on Defendants." *Id.* at *3. Moreover, Scully's proposed timeline constrains Defendants to a maximum of 15 days to compile, review, and produce potentially large swathes of irrelevant material while affording Scully 67 days (or more) to review the discovery before the January 12, 2027 EGM.

The glaring discrepancy in that timeline alone reflects the undue burden that the proposed expedited discovery would impose on Defendants. And it ties into the final factor, as well: "how far in advance [of] the typical discovery process the request is made" for expedited discovery. *See id.* at *2. Scully waited ten days after the EGM was scheduled to move for expedited discovery (which itself shows no emergency). Furthermore, the Motion to Dismiss is now pending and, when

resolved, could eliminate the need for any discovery at all; and expedited discovery is needless, regardless, given that there is no basis for a more "[]informed" vote, Mot. at 7, as Scully suggests.

**II. <u>The PSLRA Mandates a Discovery Stay, and Scully Has Not Met Its Burden of Showing a Partial Lift of the Stay is Warranted.</u>**

With Defendants' Motion to Dismiss now pending, there is even more reason to deny Scully's Motion. As Scully concedes, the PSLRA stays "all discovery" in this proceeding "during the pendency of any motion to dismiss." *See* 15 U.S.C. § 78u-4(b)(3)(B). The PSLRA provides a narrow carve-out: the stay may be partially lifted if "the court finds upon the motion of any party that particularized discovery is necessary [(a)] to preserve evidence or [(b)] to prevent undue prejudice to that party." *Id.* Both prongs require a showing of "exceptional circumstances." *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *6 (M.D. Fla. Jan. 21, 2015) (denying expedited discovery because of the PSLRA stay and further finding that "the discovery requested [was] not sufficiently limited or particularized"). Scully has failed to establish either prong.

The first prong is easily disposed of given Scully's silence on the matter. The second prong, which requires Scully to establish undue prejudice absent a lift of the discovery stay, is also not met despite Scully's two arguments to the contrary. *First*, Scully contends a lift is necessary since it "believes Defendants' Section 13(d) filings remain incomplete and omit key information." Mot. at 10. But a request to lift a stay to obtain "a vast number of unspecified documents" is "neither limited nor particularized." *Dusek*, 2015 WL 12826483, at *5. And courts have emphasized that the movant must show *undue* prejudice beyond "[t]he prejudice inherent in the operation of the stay." *Id.* at *3. Ultimately, Scully is attempting to obtain merits discovery on a legally defective Section 13(d) theory, not as a narrow effort to address a genuine, new emergency. Scully is not attempting to learn whether Defendants are *currently* acting as a group. That fact has already been publicly disclosed. Instead, Scully seeks burdensome, accelerated merits discovery into whether a

group existed during the December 2025 proxy contest—an issue that was explored through discovery in the Cayman proceedings and that did not produce a viable claim. Requiring Defendants to repeat that exercise, under a compressed schedule and despite the PSLRA stay, would permit duplicative litigation of a historical dispute that cannot support the relief sought.

*Second*, Scully recycles its argument that its proposed "discovery requests are sufficiently particularized and necessary to create an adequate factual record for Plaintiff to assess whether to file a motion for preliminary injunction." Mot. at 8. That argument contradicts a key purpose of the PSLRA's automatic stay: "to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed." *Dusek*, 2015 WL 12826483, at *2 (explaining the PSLRA "prevent[s] the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss"). Courts confronted with this argument have unequivocally declined to lift the stay: "If [preparation of an anticipated preliminary injunction motion] were a proper basis for a finding of undue prejudice, it would apply in every securities-fraud action and the statutory exception would swallow the rule." *Cartica Mgmt., LLC v. Corpbanca S.A.*, 2014 WL 12788656, at *2 (S.D.N.Y. Aug. 1, 2014) (citation omitted). Scully should not be permitted to engage in an expedited, self-serving fishing expedition and burden Defendants (and this Court) with the needless expenditure of resources while the Motion to Dismiss remains pending.

## CONCLUSION

For the foregoing reasons, Scully's Expedited Motion for Leave to Conduct Expedited Discovery [D.E. 21] should be denied in its entirety.

[*Signature block on following page.*]

**BAKER & McKENZIE LLP**
*Attorneys for the Kellogg Defendants*

830 Brickell Plaza, Suite 3100
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

By: */s/ Annasofia A. Roig*
William V. Roppolo, Esq.
Florida Bar No. 182850
william.roppolo@bakermckenzie.com

Christina M.E. Dines, Esq.
Florida Bar No. 1008502
christina.dines@bakermckenzie.com

Annasofia A. Roig, Esq.
Florida Bar No. 1018149
annasofia.roig@bakermckenzie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2026, the foregoing was filed using the Court's CM/ECF electronic notification system and served on all counsel of record.

*/s/ Annasofia A. Roig*
Annasofia A. Roig, Esq.