**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

SCULLY ROYALTY LTD.,

Plaintiff,

v.

IAT REINSURANCE CO. LTD., et al.,

Defendants.

Case No. 2:26-cv-14257-AMC

**PLAINTIFF'S COMBINED REPLY IN SUPPORT OF EXPEDITED MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Scully's Motion seeks narrow and targeted Proposed Expedited Discovery ("Discovery") to avoid an uninformed shareholder vote on control of the company at the January 12, 2027 EGM. Defendants requisitioned the EGM in an attempt to seize control without making required Section 13(d) disclosures. Good cause exists to order Discovery because Scully needs to know about Defendants' coordination to seize control at the Purported AGM in December 2025 and to act as if they controlled Scully until July 2026. The PSLRA stay should be partially lifted to permit Discovery because Scully will be unduly prejudiced by an uninformed vote at the EGM.

Defendants filed two opposition briefs, both arguing that expedited discovery is not warranted because: (i) Defendants filed amended Schedule 13D disclosures; and (ii) certain factors considered by some courts to determine "good cause" weigh in Defendants' favor. Both of Defendants' arguments are incorrect.

## I. GOOD CAUSE EXISTS FOR ALLOWING EXPEDITED DISCOVERY

The parties agree that courts in this district apply a "good cause" standard to decide expedited discovery requests. Milfam Opp. at 8; Kellogg Opp. at 3-4; Mot. at 5-6 (collecting cases). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Citizens Bank, N.A. v. Jes Global Cap. II, L.P.*, No. 9:21-cv-80815, ECF No. 26 at 1–2 (S.D. Fla. May 11, 2021) (Cannon, J.) (granting expedited discovery).

**A. Good Cause for Discovery Exists Despite Schedule 13D Amendments**

Defendants argue that there is not good cause for expedited discovery because they filed amended Schedule 13Ds after Scully initiated this case, disclosing that they are now coordinating but denying that they were coordinating before Scully initiated this case. Kellogg Opp. at 7; Milfam Opp. at 3–4. However, the amendments disclaiming coordination before July 31, 2026 are inconsistent with information now known to Scully, and good cause exists to allow Scully to obtain expedited discovery to understand Defendants' actions before the amendments. Contrary to Defendants' claim that "nothing remains to be disclosed", Kellogg Opp. at 7, and that there is "no required information that shareholders presently lack," Milfam Opp. at 9, Scully's shareholders are still in the dark about when Defendants group formed or how it operated prior to July 31, 2026.

The Kellogg Defendants incorrectly contend that Section 13(d) is limited to disclosure of "current and future" plans. Kellogg Opp. at 7. Neither the statute nor its implementing regulations support that interpretation, and Defendants cite no authority otherwise. 15 U.S.C. § 78m(d)(1); 17 C.F.R. § 240.13d-1(a).

Defendants cite *Nano* and *Cartica*, which are distinguishable because each

involved a good-faith dispute over Section 13(d) group formation. In *Nano*, the court found that the plaintiff-company "presented no plausible basis" that the dispute was not genuine or in good faith. *Nano Dimension Ltd. v. Murchinson Ltd.*, 102 F.4th 136, 141–142 (2d Cir. 2024). Similarly, in *Cartica,* the court found that there was a good faith basis for defendants to dispute a group-formation owing to case law in defendants' favor over who is a "beneficial owner." *Cartica Mgmt., LLC v. CorpBanca, S.A.*, 50 F. Supp. 3d 477, 494-96 (S.D.N.Y. 2014). That is very different from the facts here.

Wichers's October 5, 2026 questionnaire describes discussions with Peter Kellogg and his affiliates before Milfam's 2025 nominations and after the December 8, 2025 proxy about supporting Milfam's nominees. Mot. at 4–5. The First Amended Complaint likewise alleges earlier coordination, including an April 7, 2026 agreement regarding putting Kellogg and Milfam nominees on Scully's Board. FAC ¶¶ 82–89, 124–28. Neither Defendants' filings nor their Oppositions address these allegations, undermining their reliance on *Nano* and *Cartica*. Defendants' blanket denial of coordination before July 31, 2026 cannot substitute for disclosure of when the group formed, who participated, and how it operated—material information shareholders need before voting.

**B. Good Cause Exists Even Under A Multi-Factor Test**

Defendants argue that the Discovery seeks material Scully already obtained in separate Cayman proceedings. Milfam Opp. at 10; Kellogg Opp. at 4, 10. Scully seeks discovery uniquely within Defendants' possession. Milfam is the only Defendant that was party to the Cayman Proceedings, which primarily concerned Cayman law and Scully's Articles. Kellogg Opp. at 9–10; Milfam Opp. at 10. Discovery into Scully's distinct U.S.

securities-law claim therefore would not duplicate Cayman discovery.

Defendants also argue the Discovery is unduly burdensome. Kellogg Opp. at 5–6, 8–9; Milfam Opp. at 9–10. But the Discovery is narrowly tailored and targets share ownership, coordination, and SEC filings – all of which go to the heart of its Section 13(d) claim, and limit communications to those between two or more Defendants. Mot. at 8. Defendants reject the Discovery wholesale but identify no specific burden, and propose no narrower alternative. *See* Milfam Opp. at 8, Kellogg Opp. at 5–6. Their reference to "large swathes" of documents raises the question why so many communications between Milfam and Kellogg exist during the Relevant Time Period if no group formed before July 31, 2026. Kellogg Opp. at 8. Nor do Defendants address comparable cases permitting written discovery and depositions. Mot. at 5-6; *Bostwick Lab'ys v. Farley*, 2014 WL 12580031, at *2 (S.D. Fla. May 16, 2014). Defendants also contend that the absence of a pending preliminary-injunction motion weighs against expedited discovery. Kellogg Opp. at 4–5. But *Bostwick* recognized that limited discovery may help develop the record for such a motion. 2014 WL 12580031, at *2. A pending injunction motion is therefore not a prerequisite to expedited discovery. Mot. at 9. Finally, Kellogg Defendants claim Scully "waited ten days" after the EGM announcement before filing its Motion. Kellogg Opp. at 8. The EGM was announced on October 2, Scully contacted Defendants' counsel the next business day, and filed its Motion on October 8, six days after the announcement.

## II.THE COURT SHOULD LIFT THE PSLRA DISCOVERY STAY

Defendants' control-contest cases are distinguishable. In *Lichtenstein*, the court found that the alleged information was not subject to Section 13(d) and that the plaintiff

had an unused poison-pill defense, *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 722 (S.D. Cal. 1996). Neither circumstance exists here. *Cartica*, meanwhile, does not discuss the allegations supporting expedited discovery. *Cartica Mgmt., LLC v. CorpBanca S.A.*, 2014 WL 12788656 (S.D.N.Y. Aug. 1, 2014). Scully alleges specific pre-July 31 coordination, including a recent statement by Defendant Wichers. Lifting the stay therefore would not "swallow the rule." An uninformed vote constitutes irreparable harm and leaves Scully to pursue uncertain post-vote remedies. *Allergan Inc. v. Valeant Pharms. Int'l, Inc.*, 2014 WL 5604539, at *16 (C.D. Cal. Nov. 4, 2014) ("[a]n uninformed shareholder vote is often considered an irreparable harm, particularly because the raison d'etre of many of the securities laws is to ensure that shareholders make informed decisions."). And "preventing an uninformed shareholder vote" spares Scully the undue prejudice faced if it must "sort[] out post-vote remedies for uninformed shareholders." *Id.*

Scully has set out the extraordinary circumstances (which are "something less than irreparable harm") that warrant partially lifting the PSLRA stay. Without the Discovery, Scully likely will have no opportunity to obtain merits discovery before the EGM; and shareholders will proceed to an uninformed vote. *Compare with Hind v. FxWinning Ltd.*, 2024 WL 1138426, at *1 (S.D. Fla. Mar. 14, 2024) (no extraordinary circumstance because of "delayed and compressed discovery timeline.")

## III. CONCLUSION

Plaintiff respectfully requests the Court grant its Motion and enter the Proposed Order, Dkt. 22-3, directing Defendants to provide the Discovery.

Dated: October 15, 2026

Respectfully submitted,

*s/ Martin B. Goldberg*
Martin B. Goldberg
Florida Bar No. 827029
mgoldberg@lashgoldberg.com
Benjamin R. Shiekman
Florida Bar No. 113114
bshiekman@lashgoldberg.com
LASH GOLDBERG FINEBERG LLP
Miami Tower
100 Southeast 2nd Street, Suite 1200
Miami, FL 33131-2158
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

LATHAM & WATKINS LLP
Colleen C. Smith (*admitted pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Colleen.Smith@lw.com

John J. Barber (*admitted pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Jack.Barber@lw.com

Jordan Davisson Cook (*admitted pro hac vice*)
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 755-8238
Facsimile: (714) 755-8290
Jordan.Cook@lw.com

*Attorneys for Plaintiff Scully Royalty Ltd.*